IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, trustee,<br><br>        Plaintiffs,<br><br>  v.<br><br>JDS TRUCKING, INCORPORATED, an Indiana corporation,<br><br>        Defendant. | Case No. 07 C 6158<br><br>District Judge Harry D. Leinenweber<br><br>Magistrate Judge Denlow |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

**NOW COME** Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, Trustee, and move pursuant to Fed. R. Civ. P. 55 for default judgment against Defendant JDS Trucking, Incorporated, an Indiana corporation ("JDS"). In support, Plaintiffs submit the Affidavit of Andrew Sprau (attached hereto as Exhibit A), the Affidavit of Laura B. Bacon (attached hereto as Exhibit B), and state as follows:

1. On October 31, 2007, Plaintiffs filed a complaint against JDS under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001 *et seq*, in order to collect a partial withdrawal liability assessment due and owing to Plaintiffs as well as interest, liquidated damages, attorneys' fees, and costs.

2. On November 11, 2007, JDS was served by personal delivery of Summons and Complaint. A copy of the return of service is attached hereto as Exhibit C. Pursuant

to Fed. R. Civ. P. 12(a)(1)(A), JDS's answer or other responsive pleading was to be filed no later than December 3, 2007. To date, JDS has not filed an appearance, answer or other responsive pleading, and stands in default under Fed. R. Civ. P. 55(a).

3. Pursuant to 29 U.S.C. §1451(b), delinquent withdrawal liability payments, including any penalties assessed therefrom, are to be treated in the same manner as delinquent contributions under 29 U.S.C. §1145. <u>Central States Pension Fund v. Slotky</u>, 956 F.2d 1369, 1377 (7th Cir. 1992).

4. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to: delinquent withdrawal liability payments, interest on the delinquent withdrawal liability payments, an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the delinquent withdrawal liability payments, reasonable attorneys' fees and costs, and such other relief the Court deems appropriate. An award of these amounts is mandatory. <u>Central States Pension Fund v. Gerber Truck Serv.</u>, 870 F.2d 1148, 1156 (7th Cir. 1989).

5. Pursuant to 29 U.S.C. §1132(g)(2), JDS owes Plaintiffs a principal balance of $21,817.57 in withdrawal liability. *See* Exhibit A, Sprau Aff. ¶9.

6. Pursuant to 29 U.S.C. §1132(g)(2), interest is computed and charged at the rate set by Plaintiffs. Under the Plan, interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged. Using this rate, Defendant JDS owes Plaintiffs $890.89 in interest through December 31, 2007. *See* Exhibit A, Sprau Aff. ¶¶15-16.

7. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to 20% of the delinquent withdrawal liability as provided under the Plan. Plaintiffs' Plan provides for liquidated damages in the amount of 20% of the unpaid withdrawal liability payments. Defendant therefore owes Plaintiffs $4,363.51 in liquidated damages. *See* Exhibit A, Sprau Aff. ¶¶17-18.

8. Pursuant to 29 U.S.C. §1132(g)(2), Defendant JDS is also liable for attorneys' fees and costs incurred by Plaintiffs to collect on the withdrawal liability. Defendant therefore owes Plaintiffs $850.50 in attorneys' fees and $405.00 in costs. *See* Exhibit B, Bacon Aff. ¶¶7-8.

9. Finally, pursuant to the terms of Plaintiffs' Plan, Plaintiffs are entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged. Central States Pension Fund v. Bomar Nat'l Inc., 253 F.3d 1011, 1019-20 (7th Cir. 2001).

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee, request the following relief in their favor and as against Defendant JDS Trucking, Incorporated, an Indiana corporation:

(a) A judgment against Defendant in favor of Plaintiffs in the following amount:

| | |
|---|---|
| Withdrawal Liability Principal: | $21,817.57 |
| Interest through 12/31/07: | 890.89 |
| Liquidated Damages: | 4,363.51 |
| Attorney's Fees: | 850.50 |
| Costs: | 405.00 |
| **TOTAL** | **$28,327.47** |

(b) Post judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged, adjusted monthly and compounded annually; and

(c) Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

/s/ Laura B. Bacon
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847)518-9800, Ext. 3704
ARDC No. 6288982
lbacon@centralstatesfunds.org