IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>v.<br><br>JDS TRUCKING, INCORPORATED, an Indiana corporation,<br><br>    Defendant. | Case No. 07 C 6158<br><br>District Judge Harry D. Leinenweber<br><br>Magistrate Judge Denlow |

### AFFIDAVIT OF ANDREW SPRAU

State of Illinois   )
                    )   SS:
County of Cook      )

I, Andrew Sprau, having been fully sworn upon my oath, depose and state as follows:

1. I am the Department Manager - Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2. I am responsible for the Pension Fund's collection of withdrawal liability. If an employer has withdrawn from the Pension Fund, completely or partially, one of my staff

F:247657 / 07410028 / 12/19/07                      -1-                                      EXHIBIT A

members or I calculate the withdrawal liability due and notify the employer of the assessment in accordance with Section 4219(b)(1) or ERISA, §1399(b)(1).

3. The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of 29 U.S.C. §1002(3).

4. Plaintiff Howard McDougall, Trustee, is a present trustee of the Pension Fund and is a plan sponsor of the Pension Fund within the meaning of 29 U.S.C. §1301(a)(10)(A).

5. The files maintained for every employer who has withdrawn from participation in the Pension Fund, including the file for JDS Trucking, Incorporated, an Indiana corporation ("JDS"), are under my dominion and control.

6. JDS has at all times relevant been bound by a collective bargaining agreement under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

7. JDS has experienced a decline in contributions to the Pension Fund thereby effecting a "partial withdrawal" as defined in Sections 4205(a)(1) and 4205(b)(1) of ERISA, 29 U.S.C. §§1385(a)(1), 1385(b)(1).

8. JDS is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

9. As a result of this partial withdrawal, JDS incurred withdrawal liability to the Pension Fund in the amount of $21,817.57 as determined by 29 U.S.C. § 1381(b).

10. On or about July 20, 2007, JDS received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with 29 U.S.C. § 1382(2) and 1399(b)(1).

11. The notice and attached invoice notified JDS that it was required to discharge its liability in a lump sum or in 18 monthly payments of $1,250.50 beginning on August 1, 2007 with a final payment of $4.74 due on February 1, 2009.

12. On or about August 20, 2007, JDS received a notice from the Pension Fund, pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A), that its withdrawal liability payments were past due, and which forewarned the employer of the consequences of its failure to pay such liability.

13. JDS did not timely initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1).

14. JDS has failed to make the withdrawal liability payments to the Pension Fund and is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

15. Pursuant to 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the Pension Plan, which computes and charges interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by the Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.

16. JDS owes Plaintiffs $890.89 in interest accumulated through December 31, 2007 on its delinquent balance of withdrawal liability.

17. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to 20% of the

delinquent withdrawal liability under the Pension Plan, which provides for liquidated damages in the amount of 20% of the unpaid withdrawal liability payments.

18. JDS owes Plaintiffs $4,363.51 in liquidated damages.

19. Pursuant to the terms of the Pension Plan, Plaintiffs are entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
Andrew Sprau

Subscribed and sworn to before me,
a Notary Public of the State of Illinois,
this 19th day of December, 2007.

_Laura A Mazeika_
Notary Public

Official Seal
Laura A Mazeika
Notary Public State of Illinois
My Commission Expires 07/26/2010